UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELORES LONGORIA and
LORENZO D. LONGORIA,

    Plaintiffs,

v.                                          Case No: 8:20-cv-2573-T-60CPT

ETHICON, INC. and
JOHNSON & JOHNSON.,

    Defendants.
_____

**ORDER GRANTING IN PART, AND DENYING IN PART,
"DEFENDANTS' MOTION TO EXCLUDE LENNOX HOYTE, M.D."**

This matter is before the Court on "Defendants' Motion to Exclude Lennox Hoyte, M.D.," filed by counsel on November 1, 2019. (Doc. 41). On November 17, 2019, Plaintiffs Delores and Lorenzo D. Longoria filed their response in opposition to the motion. (Doc. 46). On November 25, 2019, Defendant filed a reply. (Doc. 50). After reviewing the motion, response, reply, arguments, court file and record, the Court finds as follows:

**Background**

This case is one of thousands of similar cases filed since approximately October 2010.[1] Plaintiffs Delores and Lorenzo D. Longoria directly filed this

---

[1] In the seven MDLs, over 100,000 cases have been filed, approximately 40,000 of which are in the Ethicon MDL. *See* MDL 2187 (C.R. Bard) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2187; MDL 2325 (American Medical Systems) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2325; MDL 2326 (Boston Scientific) Member List of Cases,

product liability case in the Southern District of West Virginia as part of the multidistrict litigation (MDL) *In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Lit.*, MDL No. 2327.  The case was not resolved by the MDL transferee court ("MDL Court"), and it was transferred to this Court at the conclusion of the coordinated pretrial proceedings, on November 3, 2020.

On March 10, 2009, in Tampa, Florida, Dolores Longoria was implanted with a piece of the Ethicon Prolene Soft mesh (also known as "Gynemesh PS") in a procedure intended to treat her stress urinary incontinence.  The device was designed and manufactured by Defendants.  On June 4, 2014, her doctor performed revision procedure and urethroplasty.

On January 3, 2013, Plaintiffs filed this lawsuit directly in the MDL using a short-form complaint, alleging several claims for relief.  (Doc. 1).  On February 13, 2019, Plaintiffs filed an amended complaint asserting the following claims: Negligence (Count I), Strict Liability – Manufacturing Defect (Count II), Strict Liability – Failure to Warn (Count III), Strict Liability – Defective Product (Count IV), Strict Liability – Design Defect (Count V), Negligent Misrepresentation (Count IX), Negligent Infliction of Emotional Distress (Count X), Gross Negligence (Count

---

https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2326; MDL 2327 (Johnson & Johnson, Ethicon) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2327; MDL 2387 (Coloplast) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2387; MDL 2440 (Cook Medical) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2440; and MDL 2511 (Neomedic) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2511.

XIV), Unjust Enrichment (Count XV), Loss of Consortium (Count XVI), and Punitive Damages (Count XVII).  (Doc. 24).

In the motion before this Court, Defendants raise *Daubert* challenges to the proposed testimony of Lennox Hoyte, M.D.  Dr. Hoyte has previously been qualified as an expert witness in pelvic mesh MDL litigation.  *See, e.g.*, *Katsiafas v. C. R. Bard*, 2:19-cv-822-FtM-60MRM, 2020 WL 1808895, at *2-4 (M.D. Fla. Apr. 9, 2020), *In re C. R. Bard, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2187, 2018 WL 4220671, at *3–5 (S.D.W. Va. Sept. 5, 2018); *In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 622–27 (S.D.W. Va. 2013).  In fact, Dr. Hoyte testified in at least one of the C.R. Bard bellwether trials, where it appears he offered many of the same expert opinions that Defendants seek to exclude.  That trial resulted in a jury verdict, affirmed by the Fourth Circuit Court of Appeals, in favor of the plaintiff.  *See In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913, 930 (4th Cir. 2016) (reviewing the expert evidence presented by the plaintiff as to the design defects, including the testimony of Dr. Lennox Hoyte).

## Legal Standard

An expert witness may testify in the form of an opinion if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702; *see also Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). "The party offering the expert testimony bears the burden of establishing, by a preponderance of the evidence, the expert's qualification, reliability, and helpfulness." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 942 (11th Cir. 2015) (citing *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc)).

Functioning as a gatekeeper, the district court plays an important role by ensuring that all scientific testimony is relevant and reliable. *See In re C.R. Bard, Inc.*, 948 F. Supp. 2d at 601. Although *Daubert* references specific factors for the district court to consider when evaluating relevancy and reliability, "[t]he inquiry to be undertaken by the district court is a flexible one focusing on the principles and methodology employed by the expert, not on the conclusions reached." *Id.* at 601-02 (internal quotations and citations omitted); *see Hanna v. Ward Mfg., Inc.*, 723 F. App'x 647, 649 (11th Cir. 2018) (outlining the criteria for the admissibility of expert witness testimony). Essentially, the Court is simply asked to determine if the evidence "rests on a reliable foundation and is relevant." *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 691, 701 (S.D. W. Va. 2014) (quoting *Daubert*, 509 U.S. at 597).

In several *Daubert* motions – including the instant motion – "a specific scientific methodology comes into play, dealing with differential diagnoses or etiologies." *See In re C.R. Bard*, 948 F. Supp. 2d at 601. As the MDL court explained, a differential diagnosis is a scientific technique where the expert identifies the cause of a medical problem by "eliminating the likely causes until the most probable one is isolated." *See id.* (quoting *Westberry v. Gislaved Gummi AB*,

178 F.3d 257, 262 (4th Cir. 1999)). "A reliable differential diagnosis passes scrutiny under *Daubert*. An unreliable differential diagnosis is another matter" and may be excluded. *Id*. However, a district court should not exclude a medical expert's opinions if he or she has "failed to rule out every possible alternative cause of a plaintiff's illness." *Id*. (quoting *Westberry*, 178 F.3d at 265-66). Instead, "the alternative causes … affect the weight that the jury should give the expert's testimony and not the admissibility of that testimony," unless the expert is unable to offer any explanation for his or her causation opinion in light of the alternative causes offered by the opposing party. *Id*. (quoting *Westberry*, 178 F.3d at 265-66).

## Analysis

Plaintiffs offer Dr. Hoyte as an expert in the areas of urogynecology, female pelvic medicine, and reconstructive surgery, and he has been designated to provide expert testimony. Here, Defendants make no argument that Dr. Hoyte is unqualified to serve as an expert. However, they seek to exclude certain opinions concerning: (1) specific causation, including that Defendants' products caused or contributed to Plaintiffs' purported injuries; and (2) safer alternatives to Defendants' products.

### *Opinions on Specific Causation*

Defendants seek to exclude Dr. Hoyte's opinions concerning specific causation as unsupported by the record and based on an unreliable methodology. Defendants specifically argue that Dr. Hoyte's opinions are based on a deficient and unreliable

differential diagnosis because he failed to address multiple alternative causes for each of the medical conditions he claims are attributable to the product.

Upon review of the record, including Dr. Hoyte's expert report and deposition, the Court finds that Dr. Hoyte has conducted a "sufficiently reliable differential diagnosis" to support his case-specific opinions. *See* (Docs. 46-4 at 9-12; 46-6, Hoyte Dep. at 30-31, 43, 85, 101-03); *In re C.R. Bard, Inc.*, 948 F. Supp. 2d at 627. In this case, Dr. Hoyte considers Ms. Longoria's medical history and discusses other potential causes for her injuries – such as her prior slings – and rules them out.

To the extent Defendants contend there are other possible alternative explanations, arguments related to any perceived faults in Dr. Hoyte's differential diagnosis are better suited for cross-examination and do not affect admissibility. Accordingly, the Court finds that Dr. Hoyte's specific causation opinions are supported by the record, sufficiently reliable, and admissible. Defendants' request to exclude these opinions is denied.

### *Opinions on Safer Alternatives to Defendants' Products*

Defendants contend that Dr. Hoyte's opinions regarding safer alternatives are not admissible because he opines on safer alternative procedures rather than safer alternative products. In their response, Plaintiffs indicate that they will not seek any opinions from Dr. Hoyte regarding alternative procedures and products, agreeing with Defendants that such opinions should be excluded. As such, the motion is granted as to this ground.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Exclude Lennox Hoyte, M.D." (Doc. 41) is

**GRANTED IN PART** and **DENIED IN PART**.

(2) The motion is **GRANTED** to the extent that Dr. Hoyte will be precluded from offering opinions and testimony regarding alternative procedures and products.

(3) The motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of December, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**